UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John F. Winkelman, Jr.,
    Petitioner

v.                                      Case No. 22-cv-282-SM
                                        Opinion No. 2023 DNH 120

Warden, FCI Berlin,
    Respondent


**O R D E R**

John Winkelman is a 68-year-old inmate serving a sentence for various convictions that include possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). He applied to the Bureau of Prisons ("BOP") for early release under the Elderly Offender Home Detention Pilot Program, 34 U.S.C. § 60541 (the "Pilot Program"). When that application was denied, he petitioned this court to grant him habeas corpus relief under 28 U.S.C. § 2241. According to Winkelman, the BOP deemed him ineligible for early release under the Pilot Program because it erroneously (and impermissibly) concluded that his § 924(c) conviction qualified as a "crime of violence," as defined in 18 U.S.C. § 16.

It appears likely that the BOP applied the wrong criteria in determining whether Winkelman is <u>statutorily</u> eligible to participate in the program (or did not consider his statutory eligibility at all).  Nevertheless, it is plain that even though Winkelman is likely eligible under the statute (at least, not ineligible because of his § 924(c) conviction), he is still not entitled to participate in the early release Pilot Program.  The BOP has exercised the broad discretion granted to it by Congress to determine which inmates may be released and which will not.  Inmates like Winkelman who, although not serving a sentence based upon a conviction for a crime of violence as defined in 18 U.S.C. § 16, possessed a firearm as part of the offense conduct, are among those that the BOP has permissibly decided not to release early.

As this case illustrates, there is a difference between properly applying the basic program eligibility criteria established by Congress, and an agency's exercise of the broad discretion granted by Congress to implement a program.  The BOP cannot alter, and must act consistently with, statutes enacted by Congress, as those statutes are construed by the courts.  The BOP is free, however, to exercise the broad discretion conferred by Congress to administer the program.  That includes the ability to deny program relief to inmates who, although

2

statutorily eligible, are not eligible under policies adopted by the BOP to guide the exercise of its discretion.

For the reasons given below, the government's motion for summary judgment is granted, and Winkelman's cross-motion for summary judgment is denied.

**Background**

Congress vested the Bureau of Prisons with significant discretion to administer the Pilot Program, providing that it "may release some or all eligible elderly offenders and terminally ill offenders from Bureau of Prisons facilities to home detention." 34 U.S.C. § 60541(g)(1)(B) (emphasis supplied). See generally Defoggi v. Warden Fort Dix FCI, No. 23-1085, 2023 WL 5163898, at *1 (3d Cir. Aug. 11, 2023) ("Congress has vested the executive branch, not the judicial branch, with the power to decide which prisoners may participate in the [Pilot Program].") (citation omitted); Burgess v. Warden of Rochester FMC, No. 22-CV-2363 (PAM/LIB), 2023 WL 4494342, at *2 (D. Minn. June 13, 2023), report and recommendation adopted, No. CV 22-2363 (PAM/LIB), 2023 WL 4493527 (D. Minn. July 12, 2023) ("Because release to home confinement is a placement decision, the Court finds that it is solely within the BOP's discretion to dictate.") (citation omitted).

3

Congress has, however, limited some of the BOP's discretion by establishing minimum statutory eligibility criteria for participation in the Pilot Program.  For example, Congress defined "eligible elderly offender" to include eight traits:

1. the candidate for early release must be at least 60 years old;

2. the candidate cannot be serving a term of life imprisonment;

3. the candidate must have served at least two-thirds of his or her term of imprisonment;

4. the candidate must not have escaped or attempted to escape from the BOP;

5. the BOP must determine that the release of the candidate will result in a substantial net reduction of costs to the government;

6. the BOP, in its sole discretion and based upon information used to make custody classification decisions, must conclude that the candidate does not have a history of violence or a history of engaging in conduct constituting a sex offense;

7. the BOP must determine that the candidate poses no substantial risk to engage in criminal conduct or endanger any person or the public; and

8. the candidate cannot be serving a sentence for, among other things, a conviction for any crime of violence, as defined in 18 U.S.C. § 16.

See 34 U.S.C. § 60541(g)(5)(A).

Consequently, securing early release under the Elderly Offender Home Detention Pilot Program requires an inmate to meet two sets of criteria.  First, as a threshold matter, the inmate must satisfy the statutorily-prescribed eligibility criteria listed above.  Second, the BOP must, in the exercise of its substantial discretion, determine that the inmate is, in its view, otherwise appropriate for release under the program.  That is to say, if an inmate meets all of the statutory eligibility criteria, "the Bureau 'may,' but also may not, grant early release."  Lopez v. Davis, 531 U.S. 230, 239 (2001) (emphasis in original).

I.     Step One – Winkelman was not Convicted of a "Crime of Violence"

One of the statutory requirements for participation in the Pilot Program (number 8 above) is straightforward: the inmate cannot be serving a sentence "based upon a conviction for a crime of violence, as defined in 18 U.S.C. § 16."  See 34 U.S.C. § 60541(g)(5)(A)(ii) (emphasis added).  Section 16 defines a "crime of violence" as either:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force

5

>against the person or property of another may be used in
>the course of committing the offense.

Id. (emphasis supplied). The first clause is generally referred to as the "elements clause" and the second as the "residual clause." The government concedes that Winkelman's conviction under § 924(c) does not constitute a crime of violence under the elements clause. Consequently, Winkelman is statutorily ineligible to participate in the Pilot Program only if his conviction meets the definition of "crime of violence" embodied in the residual clause.

That issue is easily resolved. In Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the Supreme Court concluded that the residual clause of 18 U.S.C. § 16 was unconstitutionally vague. Consequently, convictions for offenses in violation of 18 U.S.C. § 924(c) are no longer characterized as convictions for "crimes of violence" under 18 U.S.C. § 16(b). Similar language in other statutes has met the same fate. See, e.g., United States v. Davis, 139 S. Ct. 2319 (2019) (same statutory language used in 18 U.S.C. § 924(c)(3)(B) was void for vagueness in prosecution of defendant for using firearm in relation to a "crime of violence"); Johnson v. United States, 576 U.S. 591 (2015) (similar definition of "violent felony" in 18 U.S.C.

6

§ 924(e)(2)(B)(ii) void for vagueness in sentencing under Armed Career Criminal Act).[1]

In other words, as a matter of federal law, Winkelman's § 924(c) conviction, for which he is serving a sentence, was not for a "crime of violence," as defined in 18 U.S.C. § 16, and he is not statutorily barred from participating in the Pilot Program by virtue of that conviction.

The government seems to argue that the BOP is free to interpret the statutory eligibility criteria as set out in § 16(b) differently than the Supreme Court because, in the context of determining an inmate's statutory eligibility for participation in the Pilot Program, the language used is not subject to a "void for vagueness challenge," like the Sentencing Guidelines, given that participation in the program is entirely discretionary.  That argument is unpersuasive as presented.  See generally Leocal v. Ashcroft, 543 U.S. 1, 11 n. 8 (2004) ("Even if § 16 lacked clarity on this point, we would be constrained to

---

[1]   To be sure, in Beckles v. United States, 580 U.S. 256 (2017), the Court held that similar language defining a "crime of violence" in the Sentencing Guidelines was not invalid on "void for vagueness" grounds.  Importantly, however, that decision rested largely on the discretionary nature of sentencing and the merely advisory character of the Guidelines (not unlike BOP's broad discretion to release or not release inmates under the Pilot Program).

7

interpret any ambiguity in the statute in petitioner's favor. Although here we deal with § 16 in the deportation context, § 16 is a criminal statute, and it has both criminal and noncriminal applications. Because <u>we must interpret the statute consistently, whether we encounter its application in a criminal or noncriminal context</u>, the rule of lenity applies.") (emphasis supplied). It cannot reasonably be argued that, as a matter of statutory construction, the BOP is free to conclude that Winkelman <u>is</u> serving a sentence for a "<u>conviction</u>" of a "<u>crime of violence</u>" as defined in 18 U.S.C. § 16. He is not. That is not to say that the BOP cannot exercise its discretion to categorize "crimes of violence" differently when deciding whom to release under the Pilot Program; it simply means that the BOP cannot redefine the statutory eligibility criteria contrary to the statute's meaning as construed by the Supreme Court.

In fairness to the BOP, however, the court notes that it is hardly clear on this record that the BOP ever engaged in the first part of the two-step analysis described above. That is to say, the record does not reveal whether the BOP ever considered Winkelman's § 924(c) conviction to be a "crime of violence" as defined in 18 U.S.C. § 16(b), and deemed him ineligible for that reason. The successive administrative denials of his application to participate in the Pilot Program make no explicit

8

reference to section 16(b). Instead, they rely exclusively on a BOP program statement that categorically defines all offenses involving the use or possession of a firearm as "crimes of violence" for purposes of administering various BOP programs (including the Pilot Program). See Federal Bureau of Prisons, Program Statement P5162.05 (March 16, 2009). That classification renders inmates with such convictions ineligible to obtain a favorable exercise of the BOP's discretion. See Warden's Response (document no. 9-1) at 39 ("A review of this matter was conducted and forwarded to the legal department for further review. Their opinion is that you do not qualify to participate in the elderly offender program because of your conviction for the 924(c)(1). Program Statement 5162.05 classifies all 924(c) convictions as a crime of violence in all cases.") (emphasis supplied); Acting Regional Director's Response (document no. 9-1) at 41 ("The Unit Team considered all relevant factors, including your specific need for services and public safety, and determined you were ineligible for home confinement based on your current conviction for a crime of violence, pursuant to Program Statement 5162.05.") (emphasis supplied).

Neither response suggests that Winkelman failed to meet the minimum statutory eligibility criteria set out in 34 U.S.C.

9

§ 61541(g)(5)(A).  Rather, both seem to rest entirely on the BOP's discretionary decision-making authority at step two of the analysis.

Whether the BOP got the statutory eligibility question wrong, or didn't consider it all, makes no real substantive difference, however, since it is plain that Winkelman is not otherwise qualified to participate in the Pilot Program.  See generally Harwin v. Martinez, 356 F. Supp 3d 972, 975 (C.D. Cal. 2019) ("So, even if Petitioner's conviction is categorically nonviolent as he maintains, the BOP can still properly deny him early release [under the Residential Drug Abuse Treatment Program] without exceeding its statutory authority.  While a conviction for a nonviolent offense is necessary for early-release eligibility, it is not alone sufficient.").

II. Step Two – Winkelman is not Qualified for the Pilot Program.

To facilitate consistent administration of its many programs and to guide the exercise of its overall discretion in determining which inmates should be afforded the benefit of those programs, the BOP promulgated Program Statement P5162.05, entitled "Categorization of Offense."  In it, the BOP has done two things.  First, it has categorically characterized convictions under several specified federal statutes, including

18 U.S.C. § 924(c), as "crimes of violence."  Id., Section 3, "Offense Categorized as Crimes of Violence," at pg. 4. Additionally, the Program Statement provides that, "As an exercise of the discretion vested in the Director, an inmate serving a sentence for an offense that falls under the provisions described below shall be precluded from receiving certain Bureau program benefits."  Id., Section 4, "Offenses that at the Director's Discretion Shall Preclude an Inmate's receiving Certain Bureau Program Benefits," at pg. 8 (emphasis added).

Under the provisions of Section 4, inmates serving a sentence for any felony that meets the following criteria are excluded from participation in any BOP program that is available only to non-violent offenders:

> Has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
>
> Involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
>
> By its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or
>
> By its nature or conduct involves sexual abuse offenses committed upon children.

11

Id. at 8 (emphasis supplied).

In short, the BOP has determined that, in the exercise of its broad discretion, inmates serving sentences for crimes involving the use or possession of a firearm will not be afforded the benefit of various BOP programs, including the Pilot Program. And, because one of Winkelman's underlying convictions involved the possession of a firearm, he is ineligible to participate in that program.

The BOP's reliance on the Program Statement to deny Winkelman the benefit of the Pilot Program was entirely permissible. In a context substantially similar to this one, the Supreme Court held that the BOP "has discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm." Lopez, 531 U.S. at 238. The Court in Lopez went on to hold that,

> the regulation excluding [petitioner from early release based on completion of the drug treatment program] is permissible. The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.

Id. at 244. Consequently, although the petitioner in Lopez met the statutory eligibility criteria for participation in an early

release program (including the requirement that the inmate be convicted of a "nonviolent offense"), the BOP permissibly denied him early release based upon its discretionary decision that inmates convicted of offenses employing firearms should be categorically ineligible for early release because they are, in the BOP's opinion, more likely to present a threat to the public.

So it is in Winkelman's case.  Although he meets the minimum statutory eligibility criteria at step one of the BOP's inquiry – at least with respect to the requirement that he not be convicted of a "crime of violence" as defined in 18 U.S.C. § 16 – that does not end the matter.  In addition, the BOP must, in the exercise of its discretion, deem him appropriate for participation in that program.  To that end, the BOP has decided that it will not exercise its discretion to afford inmates convicted of crimes under § 924(c), or those whose offense conduct included carrying or possessing a firearm, the benefit of early release under the Pilot Program.

Parenthetically, the court notes that although the Court of Appeals for this circuit has not addressed the issue, there is some federal precedent standing for the proposition that the BOP exceeded its authority when, in Section 3 of the Program

13

Statement, it categorically defined convictions for violations of 924(c) as "crimes of violence." See Peck v. Thomas, 787 F. Supp. 2d 1145, 1154 (D. Ore. 2011) (concluding that, under Ninth Circuit precedent, Section 3 of the Program Statement invalidly characterizes all § 924(c) convictions as "crimes of violence" - an issue that need not be resolved here - but noting that petitioner was also disqualified from participation in the BOP-administered program by virtue of Section 4 of the Program Statement and, therefore, was not entitled to habeas corpus relief). Here, as in Peck, even if the Court of Appeals for the First Circuit were to invalidate Section 3 of the Program Statement, Winkelman would still be ineligible to participate in the Pilot Program because his conviction for a crime involving the use of a firearm would disqualify him under Section 4 of the Program Statement. Winkelman is disqualified under both provisions of the Program Statement.

### Conclusion

Winkelman may (or may not) be correct in asserting that, at step one, the BOP erred in determining that he committed a disqualifying "crime of violence" as defined in 18 U.S.C. § 16 – it is not obvious from the BOP's responses to his various appeals. Nevertheless, he is still not entitled to habeas relief. The BOP determined that he (and any other inmates

14

convicted of similar statutorily non-violent crimes involving the use or possession of firearms) may not participate in certain BOP-administered programs, including the Pilot Program. Such determinations are valid when based not on an error in construing statutory eligibility but, rather, on the exercise of the BOP's broad discretion to administer the program.

For the foregoing reasons, the Warden's motion for summary judgment (**document no. 9**) is granted.  Winkelman's motion for summary judgment (**document no. 11**) is denied, as is his petition seeking habeas corpus relief (**document no. 1**).

The Clerk of Court shall enter judgment in accordance with this order and close the case.

### Certificate of Appealability

A certificate of appealability is likely not essential to appellate review in this case, but if so, I decline to issue one because petitioner has not made a substantial showing that he has been denied a constitutional right with respect to his participation in the discretionary Pilot Program.  28 U.S.C. § 2253(c)(3).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 25, 2023

cc:  John F. Winkelman, Jr., pro se
     Seth R. Aframe, Esq.